## COMMONWEALTH *vs.* LOUIS G. HOLLIS.

Essex.   Nov. 4, 1885. — Jan. 7, 1886.   FIELD & DEVENS, JJ., absent.

At the trial of an indictment for suborning one S. to commit perjury upon the trial of a complaint charging certain persons with adultery, it appeared that S. testified, at the trial, upon the complaint, that he went up a ladder, and looked through a window, and saw such persons lying on a sofa, and saw them, while so lying on the sofa, committing adultery.   S. testified for the government, at the trial on the indictment, that he did not go up the ladder, did not look through the window, and did not see the persons as he had before testified that he saw them.  The government also introduced evidence to prove that it was impossible that S. could have seen persons upon the sofa by looking through the window. The defendant then offered evidence of former acts of familiarity between the persons referred to, which was excluded.   The defendant testified that at the time in question he also went up the ladder and saw the persons named lying on the sofa and committing adultery.  The government then, the defendant consenting, called the persons named, and they testified that they were not upon the sofa together, and did not commit adultery.  The defendant did not renew his offer of proof.  *Held,* that the evidence offered was rightly excluded.

INDICTMENT, charging the defendant with procuring and hiring one Benjamin P. Soper to commit perjury, upon the trial of a complaint in the Police Court of Lynn, charging Elizabeth M. Hollis, the wife of the defendant in this indictment, and one John Rood, with the crime of adultery. The indictment alleged that, at the trial of said complaint, Soper testified that he went up a ladder and looked through a window into a room, and saw Elizabeth M. Hollis and John Rood lying together upon a sofa in said room, and that while they were lying together upon said sofa, he, said Soper, saw them committing adultery; whereas, in truth and fact, the said Soper did not go up a ladder, and did not look through a window and see the said Hollis and Rood lying together in said room, and did not see them committing adultery.

Trial in the Superior Court, before *Blodgett;* J., who allowed a bill of exceptions in substance as follows:

It was admitted that Soper testified in the Police Court as stated in the indictment.

Soper was called as a witness for the government, and testified that he did not go up the ladder, and did not look through the window, and did not see Mrs. Hollis and Rood lying upon the sofa and committing adultery.

The government offered other evidence tending to show that the relative positions of the sofa and the window were such as made it impossible for any one to see the sofa, or persons lying upon it, by looking through the window, and then rested.

The defendant then called one Mrs. May, and offered to show by her that, before the time when the alleged adultery was committed, as sworn to by said Soper in the Police Court, she had seen the said John and Elizabeth in the act of embracing and kissing each other, and in other acts of familiarity, but the judge ruled that the evidence was irrelevant, and excluded it.

The defendant testified, in his own behalf, that he and Soper were together when Soper went up the ladder and looked in at the window, and that, immediately before Soper went up and looked through the window, he himself did the same thing, and then saw the parties on the sofa and in the act of adultery.

After the testimony for the defendant was closed, the government called the said Rood and Elizabeth M. Hollis as witnesses, and offered to prove that at the time in question they did not

commit the crime of adultery, and, the defendant consenting that this testimony might be received at this stage of the trial, Rood and Hollis each testified that at the time in question they were not upon the sofa together, and did not commit adultery.

The defendant did not thereafter renew the offer of the testimony which had been excluded, as before stated.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*D. O. Allen*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

W. ALLEN, J. The question at issue was whether Soper had sworn falsely when he testified, at the former trial, that he went up a ladder, and looked through a window into a room, and saw certain persons lying on a sofa, and saw them, while so lying on the sofa, committing adultery. Soper himself, a witness for the prosecution, testified that he did not go up the ladder, did not look through the window, and did not see the persons, as he had before testified that he saw them. The government also introduced evidence to prove that it was not possible that Soper could have seen persons upon the sofa by looking through the window, as he had testified that he did. The defendant offered evidence of former acts of familiarity between the persons referred to, which would have been competent upon a trial of an indictment against them for adultery at the time and place referred to in Soper's testimony.

The evidence was properly excluded; it had no tendency to prove that Soper saw the parties on the occasion in question, and was clearly irrelevant.                    *Exceptions overruled.*